UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOHN B. LARKIN,

    Petitioner,

    v.

ATTORNEY GENERAL,

    Respondent.

CAUSE NO. 2:24-CV-423-GSL-JEM

OPINION AND ORDER

John B. Larkin, by counsel, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his involuntary manslaughter conviction in LaPorte County under Case No. 46D01-1212-FA-000610. (ECF 2.) For the reasons explained below, the petition is dismissed for lack of jurisdiction.

I.    BACKGROUND

Larkin's case has a long and complex procedural history. As summarized by the Indiana Court of Appeals:

> On a December night in 2012, Larkin and his wife, Stacey Larkin, got into an argument that quickly devolved into a fatal fight. As Larkin described the scene to police shortly thereafter, Stacey had attempted to grab the couple's handgun from a safe during their argument. Just as Stacey put her hand on it, Larkin grabbed the gun, too. In response, Stacey ran at Larkin and knocked them both to the ground, falling forward. According to Larkin, the handgun suddenly discharged and shot Stacey, who had been scratching Larkin's face. Larkin then pushed Stacey into a corner with the handgun, which discharged again, shooting her a second time. Stacey died from her injuries. . . .
> 
> [T]he State charged him with voluntary manslaughter as a Class A felony. The case quickly developed a lengthy procedural history, largely due to

> law enforcement and prosecutorial misconduct. This pre-trial litigation ended with an Indiana Supreme Court decision holding that any tainted evidence must be suppressed. *See State v. Larkin*, 100 N.E.3d 700 (Ind. 2018).
>
> In September 2019, nearly seven years after the shooting, Larkin's jury trial began. During the five-day trial, the jury heard evidence that included Larkin's first-hand account to the police about the shooting. Larkin mainly argued self-defense, blaming his wife's recent erratic behavior for his need to defend himself. He also revealed evidence of defects with the handgun, that eventually caused the manufacturer to issue a product recall, where the gun would "discharge upon being dropped." But the State heavily pushed back on this issue. Under ideal testing conditions, the gun misfired only 2 out of 24 times. And the misfires occurred when the gun was dropped straight down from a height of about 4 feet, muzzle pointed up, such that when the gun hit the ground inertia continued to act on the trigger, producing a misfire. This scenario also related to the handgun's second defect, the lack of a "trigger safety" that prevents the weapon from firing unless the trigger is being pulled by the shooter. As the State argued to the jury, these conditions were completely unlike the scene Larkin described since "the gun wasn't dropped."

*Larkin v. State*, 233 N.E.3d 991 (Table), 2024 WL 1155319, at *1-2 (Ind. Ct. App. Mar. 18, 2024) (headnotes and internal citations omitted). Larkin was found guilty of involuntary manslaughter and sentenced to serve two years in prison. *Id.* He appealed, but his conviction was affirmed. *Id.*

After his direct appeal concluded, he sought post-conviction relief alleging ineffective assistance by his trial attorneys. *Id.* at *2. Following an evidentiary hearing, his petition was denied, and the Indiana Court of Appeals affirmed on appeal. *Id.* at *2-4. He sought transfer to the Indiana Supreme Court, but his petition was denied without comment. *Larkin v. State*, 238 N.E.3d 648 (Ind. 2024).

On December 3, 2024, he filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 asserting ineffective assistance of counsel. (ECF 2.) He stated in the petition (and public records confirmed) that he was sentenced to serve two years in prison in 2019. (ECF 2.) Because five years had passed since the sentence had been imposed, it appeared that he was no longer "in custody" pursuant to the conviction as required by 28 U.S.C. § 2254. The court therefore ordered him to show cause why the case should not be dismissed for lack of jurisdiction. (ECF 5.) He has since filed his response. (ECF 6.)

II.    ANALYSIS

A district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). The Supreme Court has interpreted this language to mean that for a court to have jurisdiction over a federal habeas petition, the petitioner must be "in custody" pursuant to the conviction under attack at the time the petition was filed. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Incarceration satisfies this requirement, as does parole. *Id.*; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, a petitioner cannot use 28 U.S.C. § 2254 to challenge a conviction when he has "already served the entirety of his sentence." *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001).

In his response, Larkin confirms that he is no longer in prison and is currently living with his family in Michigan. (ECF 6 at 3.) He also confirms that he is not on "probation, parole or Indiana supervision." (*Id.* at 3.) He nevertheless argues that he

3

satisfies the "in custody" requirement because he is "prohibited from purchasing/possessing a firearm" due to his conviction. (*Id.* at 1.)

This argument is unavailing. The Seventh Circuit has expressly held that "a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction." *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) (emphasis in original). A limitation on Larkin's right to possess firearms does not impact his "physical liberty of movement," and therefore does not render him "in custody" for purposes of the federal habeas statute.[1] *See id.; Virsnieks v. Smith*, 521 F.3d 707, 719 (7th Cir. 2008) (requirement that petitioner comply with state sexual offender registration did not limit his physical movement and therefore did not satisfy "in custody" requirement); *Harvey v. State of South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (loss of right to work in certain professions and carry a firearm did not satisfy "in custody" requirement); *People ex rel. Sherman v. People of State of Ill.*, No. 03 C 0385, 2006 WL 200189, at *1 (N.D. Ill. Jan. 19, 2006) ("The mere inability to acquire or possess firearms does not give rise to the type of restraint on personal liberty that satisfies the 'in custody' requirement. If we were to accept such an expansive view of the 'in custody' requirement, we would read it out of § 2254.").

---

[1] There is also no indication that this limitation is a direct consequence of his conviction, meaning that it was "imposed by the sentencing court as part of the authorized punishment, and included in the court's judgment." *Stanbridge*, 791 F.3d at 719. He does not clearly explain the source of the restriction, but he appears to be referring to a law of general application in either Indiana or Michigan, where he is presently living. (*See* ECF 6.)

4

Larkin cites two cases in support of his position, *Torzala v. United States,* 545 F.3d 517 (7th Cir. 2008), and *Dekelaita v. United States*, 108 F.4th 960 (7th Cir. 2024). (ECF 6 at 1-2.) These cases are inapposite. There was no question in those cases that the petitioners were "in custody" when they filed their petitions. *See Dekelaita*, 108 F.4th 9at 967-68; *Torzala,* 545 F.3d at 521. Instead, the dispute was over whether the petitioners' release from custody rendered their petitions moot. The Circuit held in both cases that certain lingering consequences of the petitioners' convictions meant there was an existing "case or controversy" sufficient to satisfy Article III. *Dekelaita*, 108 F.4th at 968; *Torzala,* 545 F.3d at 521.

Here, by contrast, the question is not whether Larkin's petition has become moot; it is whether he was "in custody" when he filed the petition, which is a threshold requirement for seeking federal habeas relief. The court concludes that he was not. Because his sentence was fully completed before he filed the petition, the court lacks jurisdiction to consider his claims. *Maleng*, 490 U.S. at 490.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny him a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on a procedural ground, the petitioner must establish that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained above, Larkin does not satisfy the threshold "in custody" requirement for pursuing federal habeas relief under 28 U.S.C. § 2254. The Seventh Circuit has made clear that being "in custody" means having a limitation on one's physical movement. *Stanbridge*, 791 F.3d at

5

719. Larkin has no such limitation, and the court finds no basis to conclude that reasonable jurists would debate the outcome of this ruling. He will not be granted a certificate of appealability.

III. CONCLUSION

For these reasons, the court DISMISSES the petition (ECF 2) for lack of jurisdiction and DENIES the petitioner a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on January 6, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT